## No. 831

### CONDAY et v. STONE et

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5719.   Decided May 11, 1925

297. CONTRACTS—Power to construe is exclusive province of court.

703. LANDLORD AND TENANT—Authorities not in favor of restricting uses of tenant; but favor such construction as will not limit proprietor to reasonable and proper use of his premises.

## STATE COURT OF APPEALS—Continued

SULLIVAN, J.

The case in the Cuyahoga Common Pleas was one for damages by virtue of an alleged breach of contract for renting a storeroom in the same building to the Mathew Smith Co. for purpose of a grocery store and that in addition to groceries dispensed in connection with the general purpose of the business, fruits and vegetables were to be sold.

The litigation was created in this way. Luellar Conday was leased certain premises by M. C. and I. N. Stone; and the language upon which the action was instituted as aforementioned. Judgment in the lower court was directed in favor of Stone upon motion.

The case was taken into the Court of Appeals and it was urged that the court erred in sustaining said motion because Conday sought, by the contemplated introduction of evidence, to explain the language in the lease, above quoted. The Court of Appeals in affirming the judgment of the lower court held:

1. It is well settled law that it is not the province of a jury to construe a contract, it being the exclusive province of the court.

2. The question, if it calls for an explanation, however, may be submitted to the jury.

3. If the parties intended that the language in the lease would bar a grocery store simply because fruits and vegetables are groceries, they made no agreement to that effect. If Conday were given the construction upon which she insists, then Stone would be prohibited from renting another room in the building for a grocery store without excluding the right to deal in fruits and vegetables.

4. The authorities are not in favor of a restriction of uses, but are inclined to such a construction as will not curtail or limit the proprietor to the reasonable and proper use of his premises.

5. In the trial of such an action the interpretation of the instrument belongs to the court and it is error to submit its construction to the jury. Monnett v. Monnett, 46 OS. 30.

6. In construing contracts, courts should not, under the guise of doing substantial justice, ignore the agreement of the parties by making a contract of its own; there must be some legal basis for the execution of such power.

Judgment affirmed.

Attorneys—Frank F. Gentsch for Conday et; Mooney, Hahn, Loeser & Keough for Stone, et.; all of Cleveland.